**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CASE NO. 4:16-CR-0028-ALM-AGD |
| v. | § | |
| | § | |
| | § | |
| JORGE ALBERTO SOTO-RODAS (1) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the court are Defendant Jorge Alberto Soto-Rodas's Motion to Dismiss Charges for Lack of Extraterritorial Jurisdiction or for Bill of Particulars (Dkt. #205) and Motion for Separate Hearing to Determine Existence of Conspiracy for Invocation of Rule 801(d)(2)(E), F.R.Cr.P. (Dkt. #206). The Government filed a response in opposition thereto (Dkt. #210), to which Defendant filed a Reply (Dkt. #212), and the Government filed a sur-reply (Dkt. #220). United States Chief District Judge Amos L. Mazzant referred Defendant's Motions to the undersigned for consideration and a recommended disposition (Dkt. #209). After reviewing Defendant's Motions and all relevant filings, the court recommends that Defendant's Motions be **DENIED**.

**APPLICABLE BACKGROUND**

On February 11, 2016, the grand jury returned a two-count indictment charging Defendant and two others in Count One, with Conspiracy to Import Five Kilograms or More of Cocaine and to Manufacture and Distribute Five Kilograms or More of Cocaine Intending and Knowing that the Cocaine will be Unlawfully Imported into the United States, in violation of 21 U.S.C. §§ 952, 959, and 960, all in violation of 21 U.S.C. § 963; and in Count Two, with Manufacturing and Distributing Five Kilograms or More of Cocaine Intending and Knowing that the Cocaine will be

Unlawfully Imported into the United States, in violation of 21 U.S.C. § 959 and 18 U.S.C. § 2 (Dkt. #1, sealed). Thereafter, on June 1, 2016, the grand jury returned a two-count First Superseding Indictment (Dkt. #12, sealed). Finally, on July 13, 2016, the grand jury returned a two-count Second Superseding Indictment, charging Defendant and five others in Count One with Conspiracy to Import Five Kilograms or More of Cocaine and to Manufacture and Distribute Five Kilograms or More of Cocaine Intending and Knowing that the Cocaine will be Unlawfully Imported into the United States, in violation of 21 U.S.C. §§ 952, 959, and 960, all in violation of 21 U.S.C. § 963; and in Count Two, with Manufacturing and Distributing Five Kilograms or More of Cocaine Intending and Knowing that the Cocaine will be Unlawfully Imported into the United States, in violation of 21 U.S.C. § 959 and 18 U.S.C. § 2 (Dkt. #21, sealed).

In his motions, Defendant seeks the following relief: (1) dismissal for lack of extraterritorial jurisdiction; (2) dismissal due to improper venue; (3) alternatively, a bill of particulars; and (4) a hearing to determine the existence of a conspiracy. The court will address each request in turn.

**LEGAL STANDARD AND ANALYSIS**

### I.      Motion to Dismiss for Lack of Extraterritorial Jurisdiction

Rule 12 of the Federal Rules of Criminal Procedure provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CRIM. P. 12(b)(1). This includes a pre-trial motion challenging the indictment due to an error in the grand jury proceedings. FED. R. CRIM. P. 12(b)(3)(A)(v).

Defendant argues as follows:

> Defendant SOTO-RODAS is not arguing the statute is violative of international law or due process protections. Defendant SOTO-RODAS is not arguing that individuals outside the U.S. cannot commit acts which violate U.S. laws without U.S. penalties.

Rather, a U.S. grand jury was provided incompetent evidence of Defendant SOTO-RODAS violating U.S. law. Today, there is no evidence of Defendant SOTO-RODAS violating U.S. law. If Defendant SOTO-RODAS had no intention of violating U.S. law, if Defendant SOTO-RODAS did not involve himself with individuals who he knew were engaged in activities that would subject him to U.S. prosecution or that those individuals would be subject to criminal prosecution, the Court has no jurisdiction over Defendant SOTO-RODAS.

(Dkt #212, at 4). Defendant relies specifically on *United States v. Vasquez*, 899 F.3d 363 (5th Cir. 2018). In *Vasquez*, the defendant argued that the statute in question did "not apply extraterritorially…." 899 F.3d at 377. The *Vasquez* court considered the purely legal question of whether a particular statute applied extraterritorially. *Id*.

Here, however, Defendant has made it clear that he is not challenging whether the statutes at issue apply extraterritorially. Rather, Defendant questions whether sufficient evidence was presented to the grand jury to warrant indictment. Essentially, Defendant is asking the court to weigh the evidence, or the lack thereof, in a motion to dismiss, prior to any evidence being presented at trial. The court finds that such a request is premature and should be denied. *See United States v. Cabalcante*, No. 4:09-CR-194, 2011 WL 4347043, at *3 (E.D. Tex. Sept. 2, 2011), *report and recommendation adopted*, No. 4:09-CR-194, 2011 WL 4356730 (E.D. Tex. Sept. 15, 2011) ("Defendant is essentially making a premature motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(a). Rule 29(a) states that '... After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction.' FED. R. CRIM. P. 29(a). Thus, Defendant's requested relief should be made during the trial, and this request to dismiss the Indictment should be denied as premature.").[1]

---

[1] Defendant also argues that the Government improperly manufactured jurisdiction over him. However, because Defendant concedes that such an argument is not viable in the Fifth Circuit, this court need not consider it.

REPORT AND RECOMMENDATION – Page 3

## II.    Motion to Dismiss for Improper Venue

In his motion, Defendant, in passing, contests venue.  Defendant cites to 18 U.S.C. § 3238 which requires that "[t]he trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought."  18 U.S.C. § 3238.  In his motion, Defendant merely argues that he is holding the Government to its proof to establish that "Defendant first passed into the Eastern District of Texas before any other federal judicial district." (Dkt. #205, at 16).

However, confusingly, in Defendant's reply, Defendant argues that "[t]o indict and try Defendant in this district, the Government must allege and demonstrate venue is appropriate in the Northern District of Texas.  The Government has made no effort and has not responded to the allegation that venue in the Northern District of Texas is appropriate." (Dkt. #212, at 5).

Defendant's nonsensical argument aside, the court notes that the Government responded that Defendant was "first brought" into the United States via the Eastern District of Texas.  (Dkt. #220, at 5).  As such, for purposes of this motion, venue has been established, subject to the Government establishing the same at trial.  Again, Defendant's motion is premature and should be denied.

## III.    Motion for a Bill of Particulars

Should the court disagree with Defendant's arguments to dismiss the charging instrument, Defendant requests the court direct the Government to provide Defendant with a list of particulars alleged to be essential to his ability to prepare his defense at trial (Dkt. #205, at 15).  Specifically, Defendant contends that the discovery provided was so voluminous that a bill of particulars is needed detailing:

REPORT AND RECOMMENDATION – Page 4

    a.   What precisely the government alleges ABC said to Defendant SOTO-RODAS, preferably in the form of a recording (if any);

    b.   What, if anything, any coconspirator is alleged to have stated to any other coconspirator about Defendant SOTO-RODAS;

    c.   What, if anything, ABC discussed with any coconspirator about the cocaine's destination or route before the above statement;

    d.   What, if anything, any coconspirator is alleged to have stated to any other coconspirator about the cocaine's route or ultimate destination; and

    e.   What, if anything, any coconspirator stated to Defendant SOTO-RODAS about the cocaine's distribution, route, ultimate destination or delivery to the United States.

(Dkt. #205, at 15-16).

The Government argues Defendant is not entitled to the requested relief (Dkt. #210, at 8). The Government contends that Defendant is aware of the charges against him and the facts of this case (Dkt. #210, at 8). The Government further argues that Defendant's requests are akin to interrogatories and should, therefore, not issue (Dkt. #210, at 8).

Federal Rule of Criminal Procedure 7(f) provides a basis for defendants to obtain a bill of particulars. FED. R. CRIM. P. 7(f) ("The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits."). The purpose of a bill of particulars is to inform an accused of the charge with sufficient precision to reduce trial surprise, to enable adequate defense preparation, and critically, by the fleshing out of the charges to illuminate the dimensions of jeopardy. *See, e.g., United States v. Rodriguez*, 2020 WL 4689193, at *4 (E.D. Tex. July 27, 2020) (citing *United States v. Kirkham*, 129 F. App'x 61, 72 (5th Cir. 2005) (citation omitted)); *see also United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977) (citation omitted) ("The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution."). "A defendant possesses no right to a bill of particulars[.]" *United States v. Burgin*, 621 F.2d 1352, 1358 (5th Cir. 1980). Indeed,

REPORT AND RECOMMENDATION – Page 5

the granting or denial of a bill of particulars is within the sound discretion of the trial court. *Mackey*, 551 F.2d at 970. To that end, a court abuses its discretion in denying a motion for a bill of particulars only when the denial results in actual surprise at trial and prejudice to a defendant's substantial rights. *See United States v. Hughes*, 817 F.2d 268, 272 (5th Cir. 1987). Conversely, "the trial court should only grant a bill of particulars when the information is necessary for the defendant to prepare for trial." *United States v. Little*, No. 11-189-01, 2012 WL 566805, at *1 (W.D. La. Feb. 19, 2012) (citation omitted).

It is well-settled that "[a] bill of particulars is not a discovery device." *United States v. Churchill*, 2021 WL 862306, at *2 (E.D. Tex. Mar. 8, 2021) (Mazzant, J.) (citing *Rodriguez*, 2020 WL 4689193, at *4); *United States v. Djuga*, No. 14-140, 2015 WL 1412100, at *2-*3 (E.D. La. Mar. 25, 2015) (citing *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978)); *Burgin*, 621 F.2d at 1359. "A bill of particulars is designed 'to apprise the defendant of the charge against him with sufficient precision to enable him to prepare his defense.'" *United States v. Davis*, 53 F.4th 833, 845 (5th Cir. 2022) (citing *United States v. Montemayor*, 703 F.2d 109, 117 (5th Cir. 1983)). "A court must consider a defendant's need for information while mindful that the bill of particulars 'is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial.'" *United States v. Martinez*, 599 F. Supp. 2d 784, 808 (W.D. Tex. 2009) (citing *Burgin,* 621 F.2d at 1359).

Here, Defendant admits that he has received voluminous discovery from the Government. Defendant argues that "a team of individuals is needed to review the discovery, outline and summarize the content of the discovery and try to determine what the allegations against Defendant SOTO-RODAS are." (Dkt. #205, at 15). Defendant continues that because this case has been declared complex, the requested bill of particulars is necessary so Defendant can adequately

REPORT AND RECOMMENDATION – Page 6

prepare his defense, thereby reducing the risk of surprise at trial.

Defendant's argument belies the intent behind his request. Admittedly, the Government has provided the discovery to Defendant. Now, Defendant is seeking a roadmap to the discovery via his request for a bill of particulars. Such a request is a discovery request, and that is not an appropriate use of a bill of particulars. Defendant's request should, therefore, be denied.

### IV. Motion for a *James* Hearing

Finally, Defendant requests that the court conduct a pre-trial *James* hearing to determine the admissibility of all alleged co-conspirator statements under Rule 801(d)(2)(E) of the Federal Rules of Evidence (Dkt. #206). The Government argues, however, that a pre-trial *James* hearing is not required.

The court agrees with the Government. The *James* court advised that whenever reasonably practicable, a trial court should "'require the showing of a conspiracy and of the connection of the defendant with it before admitting declarations of a coconspirator.'" *United States v. Fragoso*, 978 F.2d 896, 900 (5th Cir. 1992) (citing *United States v. James*, 590 F.2d 575, 582 (5th Cir.), *cert. denied*, 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979)). The *James* court, however, "also recognized that it is sometimes not reasonably practicable 'to require the showing to be made before admitting the evidence.'" *Id*. (citing *James, supra*). As a result, the Fifth Circuit "has approved district courts' practice of carrying a *James* motion through trial or at least through presentation of the government's case until a determination of the existence of the Rule 801(d)(2)(E) predicate facts can be appropriately made." *Id*. (citations omitted).

Based on the foregoing, the court recommends that Defendant's *James* motion should be carried through the presentation of the Government's case-in-chief and denied at this juncture.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the court recommends that Defendant Jorge Alberto Soto-Rodas's Motion to Dismiss Charges for Lack of Extraterritorial Jurisdiction or for Bill of Particulars (Dkt. #205) and Motion for Separate Hearing to Determine Existence of Conspiracy for Invocation of Rule 801(d)(2)(E), F.R.Cr.P. (Dkt. #206) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the uncontroverted factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object.  *See Douglass v United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 8th day of June, 2026.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE